1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK A. INGRAM,

11          Plaintiff,                    No. 2:12-cv-1955 GEB KJN PS

12      vs.

13   CITY OF SACRAMENTO, et al.,

14          Defendants.                   ORDER AND

15   _____ /   FINDINGS AND RECOMMENDATIONS

16          Plaintiff, proceeding without counsel, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  The action was referred to the undersigned by E.D. Cal.

18   L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

19          The court takes judicial notice of the proceedings in United States v. Ingram,

20   2:10-cr-0014 MCE-1 (E.D. Cal.) and Ingram v. Grant Joint Union High School Dist., et al., 2:08-

21   cv-2490 KJM DAD (E.D. Cal.).  See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA,

22   Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and

23   other matters of public record").  In the criminal case, plaintiff was declared incompetent and un-

24   restorable on the basis of mental health issues.  See United States v. Ingram, 2:10-cr-0014 MCE-

25   1, Dkt. Nos. 32, 39, 40.  In the civil action, plaintiff was represented by counsel, and a guardian

26   ad litem was appointed for him following the declaration of incompetence in the criminal action.

1

1   See Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD, Dkt. Nos.

2   87-88.

3          In this action, plaintiff is neither represented by counsel, nor has a guardian ad

4   litem been appointed.  It appears from this complaint that there has been no change in his mental

5   health status since the filing of the declaration of incompetence in the criminal case.  Indeed, the

6   complaint acknowledges that plaintiff is "mentally disabled." (Dkt. No. 1 at 1.)  An incompetent

7   person can only proceed in federal court if represented by counsel.  See Osei-Afriyie v. Med.

8   College of Penn., 937 F.2d 876, 883 (3d Cir. 1991) ("It goes without saying that it is not in the

9   interest of minors or incompetents that they be represented by non-attorneys") (citation omitted),

10  quoted approvingly in Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding

11  that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a

12  lawyer"); see also William W. Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial

13  § 7:41 (The Rutter Group 2011) ("A nonattorney parent or guardian cannot bring a lawsuit or

14  defend an action in federal court on behalf of a minor or incompetent without retaining a

15  lawyer") (citations omitted).

16          Although plaintiff requests the appointment of counsel pursuant to 28 U.S.C. §

17  1915 (Dkt. No. 1 at 1), that request will be denied.  Under 28 U.S.C. § 1915(e)(1), district courts

18  are granted discretion to appoint counsel for indigent persons.  However, this discretion may be

19  exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th

20  Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood

21  of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of

22  the complexity of the legal issues involved.  Neither of these factors is dispositive and both must

23  be viewed together before reaching a decision." Id.  Here, although plaintiff may be unable to

24  articulate his claims clearly, plaintiff's complaint does not appear to state any valid claims.  Thus,

25  when considering the likelihood of success and the complexity of the issues, there are no

26  exceptional circumstances justifying the appointment of counsel.

1    Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED

2   that:

3        1.  Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED, and

4        2.  The action be DISMISSED WITHOUT PREJUDICE.

5        IT IS ALSO HEREBY ORDERED that plaintiff's request for appointment of

6   counsel (dkt. no. 1 at 1) is DENIED.

7        These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9   (14) days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served on all parties and filed with the court within fourteen (14) days after service of the

13  objections.  The parties are advised that failure to file objections within the specified time may

14  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

15  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

16      IT IS SO ORDERED AND RECOMMENDED.

17  DATED:  September 17, 2012

18

19  _____

20  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26